UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENNY L. FUTCH,                          )
                                         )
                    Plaintiff,           )
                                         )
        v.                               )          CAUSE NO. 3:17-CV-753 PPS
                                         )
DOCTOR, NURSES JOHN AND JANE DOE,        )
OFFICER GRAY, and J. SCAIFE,             )
                                         )
                    Defendants.          )

<u>OPINION AND ORDER</u>

Kenny L. Futch, a prisoner without a lawyer, filed a vague complaint on an outdated

form. He alleges that he has received inadequate treatment for his medical conditions,

including heart issues, dry skin, sickle cell anemia, mental health issues, high blood

pressure, and diabetes. He also complains about various prison conditions, including the

air conditioning, his clothing, mealtimes, drinking water, recreational options, and

confiscated items. "A document filed *pro se* is to be liberally construed, and a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

However, this complaint provides no narrative context for any of these issues and does not

explain how any single defendant was personally involved. Thus it does not include

enough detail to state a claim.

Futch needs to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014

(7th Cir. 2013). A copy of this court's approved form – Prisoner Complaint (INND Rev.

8/16) – is available upon request from the prison law library. On the amended complaint, he must put the cause number of this case which is on the first page of this order. He must explain how each defendant is responsible for providing inadequate medical treatment or for subjecting him to other unconstitutional conditions. He must describe his interactions with each defendant in detail, including names, dates, locations, and how each defendant harmed him. This narrative should be organized in numbered paragraphs. If he does not know the name of a particular person, he must nevertheless refer separately to each unknown defendant. For instance, if he seeks to bring a claim against two doctors and two nurses, he may refer to them as "Unknown Doctor #1," "Unknown Doctor #2," "Unknown Nurse #1," and "Unknown Nurse #2." He must identify each defendant every time he refers to them.

Additionally, Futch has moved to amend his complaint with the names of doctors and nurses as they become available. ECF 7. As discussed above, Futch may identify them in his amended complaint, and this motion is denied as unnecessary. If he needs to amend his complaint again thereafter, he should file a motion for leave to amend the complaint with the proposed amended complaint and should explain how the proposed amended complaint is different from the complaint of record. *See* N.D. Ind. Local Rule 15-1(a).

Accordingly,

(1) Kenny L. Futch is **GRANTED** until **March 1, 2018**, to file an amended complaint on the proper form;

(2) Kenny L. Futch is **CAUTIONED** that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim; and

(3) The motion to amend (ECF 7) is **DENIED** as unnecessary.

**SO ORDERED**.

ENTERED: February 7, 2018

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT