UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENNY L. FUTCH,

    Plaintiff,

    v.

DOCTOR, NURSES JOHN AND JANE
DOE, et al.,

    Defendants.

CAUSE NO.: 3:17-CV-753-PPS-MGG

OPINION AND ORDER

Kenny L. Futch, a prisoner without a lawyer, filed a motion for leave to file an amended complaint. In the interest of justice, I grant Futch leave to amend his complaint. *See* Fed. R. Civ. P. 15(a)(2). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, Futch alleges that he has diabetes, sickle cell anemia, arthritis, high blood pressure, bunions, and skin issues. He further alleges that he was deprived of pain medication, Ace bandages, knee braces, shoe insoles, lotions, and supplements, which he received from the medical unit prior to his transfer from the Westville Correctional Facility. Based on these allegations, I previously allowed Futch

to proceed on an Eighth Amendment claim of deliberate indifference to his serious medical needs against Officer Gray and Dr. Marandet but dismissed the defendant nurses because Futch had not identified them. ECF 19 at 3. Futch now identifies the nurses as T. Neff, P. Smyth, L. Cadema, and S. Seifeit, and his request to add them as defendants to the medical claim is granted.

Additionally, Futch asserts a claim under the Equal Protection Clause against Officer Gray, alleging that Officer Gray confiscated and destroyed his belongings, which included medical devices, but allowed other inmates with money to choose among their belongings and to decide how their belongings should be disposed. Futch included these allegations in the previous complaint, and, as explained in the previous order (ECF 19 at 3), Futch adequately states an equal protection claim against Officer Gray

Futch also alleges that Officer Gray confiscated his property, including the medical items described above, upon his arrival at the Miami Correctional Facility in February 2016 to retaliate against Futch for previous lawsuits and grievances. In the previous screening order, I dismissed this First Amendment retaliation claim because Futch did not include allegations to suggest that the confiscation was motivated by First Amendment activity. ECF 19 at 4. Futch now alleges that Officer Gray read the legal filings included among Futch's property. In light of this new allegation, the amended complaint plausibly alleges a claim of First Amendment retaliation against Officer Gray.

Next, Futch alleges that, four months after he arrived at the Miami Correctional Facility, he was assigned to the disciplinary unit in retaliation for filing grievances

2

against Miami Correctional Facility staff and that he reported it to J. Scaife, who acquiesced to the retaliation. In a previous order, I denied leave to proceed on this claim because I could not conclude that the housing assignment arose from the same transaction or occurrence as Futch's other claims. ECF 19 at 5. Though Futch maintains that this housing assignment was part of a widespread conspiracy of retaliatory conduct, it involves a different defendant, different instances of First Amendment activity, a different type of retaliatory conduct, and occurred during a different period of time. Therefore, I find that the housing claim's connection to the alleged confiscation of property and inability to reobtain medical items is too tenuous for the housing claim to proceed in this case.

Futch further alleges that he was wrongfully deprived of good time credit. However, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . ." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Because this claim challenges the duration of Futch's confinement, it must be asserted in a habeas corpus proceeding. Therefore, this claim is dismissed.

For these reasons, the court:

(1) GRANTS the motion for leave to amend the complaint (ECF 33);

(2) DIRECTS the clerk to file the amended complaint (ECF 33-1);

(3) GRANTS Kenny L. Futch leave to proceed on a claim against Dr. Marandet, Officer Gray, T. Neff, P. Smyth, L. Cadema, and S. Seifeit in their individual capacities for money damages for acting with deliberate indifference to his serious medical needs

in violation of the Eighth Amendment by denying him pain medication and other medical supplies;

(4) GRANTS Kenny L. Futch leave to proceed on a claim against Officer Gray in his individual capacity for money damages for violating the Equal Protection Clause by discriminating against Futch on the basis of his financial status with respect to his property;

(5) GRANTS Kenny L. Futch leave to proceed on a claim against Officer Gray in his individual capacity for money damages for retaliating against Futch in violation of the First Amendment by confiscating his property;

(6) DISMISSES J. Scaife;

(7) DISMISSES all other claims;

(8) DIRECTS the clerk and the United States Marshals Service to issue and serve process on T. Neff, P. Smyth, L. Cadema, and S. Seifeit at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 33-1) as required by 28 U.S.C. § 1915(d); and

(9) ORDERS Dr. Marandet, Officer Gray, T. Neff, P. Smyth, L. Cadema, and S. Seifeit pursuant to 42 U.S.C. § 1997e(g)(2), to respond as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Kenny L. Futch has been granted leave to proceed in this screening order.

SO ORDERED on August 14, 2018.

s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT