UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENNY L. FUTCH,

    Plaintiff,

    v.      CAUSE NO.: 3:17-CV-753-PPS-MGG

DOCTOR, NURSES JOHN AND JANE
DOE, et al.,

    Defendants.

OPINION AND ORDER

Kenny L. Futch, a prisoner without a lawyer, proceeds on an Eighth Amendment claim of deliberate indifference against Noe Marandet, Timothy Neff, Pamela Smyth, Lynn Cadena, and Shalana Seifert (the "Medical Defendants") for denying him pain medication and other medical supplies, as well as three claims against Christopher Gray (the intake officer). The Medical Defendants filed the instant motion for summary judgment, arguing that Futch failed to exhaust his administrative remedies for the claims against them. In response, Futch argues that he either completed the grievance process, or that the grievance process was unavailable. The Medical Defendants reply that although Futch completed a grievance through appeal as to the correctional officer, Futch failed to name or describe the Medical Defendants in that claim; therefore, he did not exhaust his administrative remedies as to the Medical Defendants.

**Background**

Shawna Morson, grievance specialist at the Miami Correctional Facility, attested in her declaration that a grievance process is available to inmates and is explained to them at orientation. ECF 48-1. The grievance policy for the Indiana Department of Correction sets forth a three-step grievance process. First, an inmate must attempt to informally resolve a complaint, typically by speaking to the staff member most directly associated with the complaint. ECF 48-2 at 13-16. If the inmate is unable to informally resolve the complaint, he may file a formal grievance with the grievance specialist. *Id.* at 16-20. Finally, if an inmate is dissatisfied with the grievance specialist's determination, he may file an appeal with the grievance manager. *Id.* at 20-22.

On March 5, 2016, Futch submitted an informal grievance complaining that Officer Gray confiscated numerous items, including: a chess set, an autobiographical book, a dictionary, a hair comb, gym shorts, hair grease, packages of milk, drink mix, seasoning, condiments, batteries, socks, underwear, a toothbrush holder, shampoo, a bowl lid, a strainer, shower shoes, gym shoes, insoles, arts and crafts, Ace bandages, diabetic shoes, and a bottom bunk pass. ECF 48-3 at 4. On March 20, 2016, Officer Gray responded that he confiscated items per policy and denied that he confiscated several of the items listed by Futch. *Id.* He also explained that only medical staff could issue medical devices and that the bottom bunk pass was invalid because it was issued at another correctional facility. *Id.*

On May 6, 2016, Futch submitted a formal grievance complaining that Officer Gray confiscated "legal, personal, and medical necessities," including a book,

condiments, copies of legal opinions, shoes, shampoo, and radios, and that this property had been destroyed. *Id.* at 3. He also referenced the property confiscation form prepared by Officer Gray, which listed the property confiscated and provided his reasons for doing so, and requested an independent investigation and compensation. *Id.* The grievance officer responded that the property department had been working with Futch and returned several items, but that Futch refused to cooperate with them to dispose of prohibited items.[1] *Id.* at 2. On September 16, 2016, Futch submitted a grievance appeal. *Id.* Because the grievance manager failed to prepare a response to the appeal within thirty days as provided by the grievance policy, the grievance appeal was deemed to be denied. *Id.*

The grievance supervisor also provided Futch's grievance records from February 2016 to April 2018. On August 17, 2016, Futch submitted an informal grievance regarding access to the law library. *Id.* at 19. While it was ultimately denied, Futch completed the grievance process with respect to this grievance. *Id.* at 17. On September 11, 2017, Futch submitted another informal grievance regarding access to the law library. *Id.* at 35. He submitted a formal grievance, but did not appeal this grievance when it was denied. *Id.* at 34.

**Discussion**

---

[1] Although the grievance officer purportedly denied the grievance based on Futch's untimely informal grievance, the grievance officer nevertheless conducted an investigation and provided a substantive response.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

The purpose of the grievance process is to alert officials to a problem so that remedial action can be taken. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). Proper exhaustion of administrative remedies means that "the grievances must contain the sort

of information that the administrative system requires." *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). "When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Id.* at 650. "[T]he grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming." *Id.*

Because the grievance procedure has no applicable requirements, the relevant question here is whether Futch's grievance was sufficient to alert the grievance officer to the nature of his claim against the Medical Defendants for denying him pain medication and other medical devices. Futch argues that he listed medical devices in the informal grievance and formal grievance, and complained that he was deprived of medical necessities. In the informal grievance, Futch complained that "basic necessities for living" were confiscated from him. ECF 48-3 at 4. While there is some mention of medical devices in the informal grievance (specifically, two Ace bandages and diabetic shoes), these only appear near the end of a long list filled with miscellaneous and inessential items (like a chess set, hair grease, drink mix, and arts and crafts). *Id.* In the informal grievance, Futch identified Officer Gray as the sole responsible party and attempted informal resolution with him rather than someone from the medical unit. *Id.* Similarly, in the formal grievance, Futch complained that Officer Gray confiscated "legal, personal, and medical necessities" but listed several inessential items as examples, including a book, condiments, and radios. ECF 48-3 at 3. Futch also listed shoes and shampoo, but the formal grievance does not suggest that these items amounted to a medical necessity. *Id.*

Although there is technically some text in the written grievances that arguably supports Futch's position, the grievance records in their entirety indicate that the focus of Futch's complaint was Officer Gray and the loss of personal property. The passing references to medical devices simply do not convey that Futch had a complaint about inadequate medical treatment. As a result, Futch's grievances were not sufficient to alert the grievance officer to the nature of his claim against the Medical Defendants. Therefore, Futch did not complete the grievance process for this claim.

Futch also contends that the grievance system was unavailable because he did not know where to find the grievance policy, and that there were no grievance forms available in the law library. However, the grievance records show that Futch was able to initiate the grievance process on three occasions since his arrival at the Miami Correctional Facility, and that he completed the grievance process twice. He further argues that he did not know the names of the Medical Defendants until he filed this lawsuit, but neither the grievance forms nor the grievance policy require inmates to identify the parties responsible for the grieved issue by name. Futch also asserts that the grievance system is generally ineffective, but, even if Futch believed that filing a grievance was futile, "he had to give the system a chance." *Flournoy v. Schomig*, 152 F. App'x 535, 538 (7th Cir. 2005); *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) (emphasis in original) ("No one can *know* whether administrative requests will be futile; the only way to find out is to try."). He argues that he attempted to resolve his medical issues by filing numerous medical requests and a tort claim with the Department of Correction. However, "[t]o exhaust remedies, a prisoner must file

complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

Finally, Futch argues that the grievance officer withheld some of his grievances, which might have contained a medical complaint, though he has no recollection of the contents of these grievances. He cites a note from the grievance officer, which states that the officer received six grievances from Futch and he "responded on various occasions to each of these." ECF 51-1 at 2. The grievance officer further states that the forms will not be processed because they were already addressed through return of grievance forms, and no changes were submitted. *Id.* No reasonable factfinder could conclude that Futch attempted to complete the grievance process for his medical claims based on this note and the mere possibility that these grievances relate to his medical claim. This line of reasoning is simply too speculative to defeat summary judgment.

In sum, the undisputed evidence indicates that a grievance process was available, but that Futch did not complete the grievance process with respect to his medical claim against Medical Defendants Marandet, Neff, Smyth, Cadena, and Seifert. Therefore, I grant summary judgment on the claim against these defendants. This case will proceed on Futch's claims against Officer Gray.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 47); and

(2) DISMISSES Noe Marandet, Timothy Neff, Pamela Smyth, Lynn Cadena, and Shalana Seifert.

(3) NOTES that the case remains pending against Officer Christopher Gray.

7

SO ORDERED.

ENTERED: November 16, 2018

                                                 /s/    Philip P. Simon  
                                                 PHILIP P. SIMON, JUDGE  
                                                 UNITED STATES DISTRICT COURT